IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          Case No. 11-1341-SAC

$1,613,251.00, et al.,

        Defendants.

MEMORANDUM AND ORDER

On June 10, 2013, the plaintiff United States of America moved to strike the claim of Tiffany Webb as a sanction for failing to comply with Magistrate Judge's Order of May 16, 2013, (Dk. 54), that had granted the plaintiff's motion to compel and had ordered Ms. Webb to respond to the plaintiff's interrogatories on or before June 6, 2013, and as a sanction for failing to file an answer pursuant to Rule G(5)(b). (Dk. 58). As of July 10, 2013, Ms. Webb did not file any response to the plaintiff's motion to strike, so the court issued an order to show cause that gave Ms. Webb 20 days or until July 30, 2013, to file a response showing why the plaintiff's pending motion should not be granted as uncontested. (Dk. 66). This order was sent by regular mail and certified mail, and the certified mail receipt was returned as unclaimed. (Dk. 66, 67, and 68). As of the filing date of the instant order, almost two weeks after the court's deadline, Ms. Webb has not filed any response to the show cause order.

**PROCEDURAL BACKGROUND**

In November of 2011, the United States brought this civil in rem forfeiture action based on the court's jurisdiction under 28 U.S.C. § 1355. The government claimed the defendants are subject to forfeiture either pursuant to 21 U.S.C. § 881(a)(6), as items that were or intended to be exchanged for a controlled substance or used to facilitate a controlled substance violation, or that are traceable proceeds from a controlled substance exchange in violation of the Controlled Substance Act, or pursuant to 18 U.S.C. § 924(d), as firearms and/or ammunition that were used, carried or possessed during and in relation to a drug trafficking offense. (Dk. 1). While represented by counsel, Ms. Webb did file on March 14, 2012, a verified claim under Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule"), as to the defendants 1-15, 26 and 27. (Dk. 15). In that claim, Ms. Webb averred that she is "legal owner of the identified defendant property, either directly or through a spousal interest under Kansas law." *Id.* at ¶ 3.

The action was stayed for approximately three months from April to July of 2012. Neither before the stay was granted nor after it was lifted did Ms. Webb file an answer as required by Supplemental Rule G(5)(b). The government informed the magistrate judge by email that settlement agreements had been reached "with the majority of claimants regarding

most of the properties at issue." (Dk. 37). A scheduling order was entered in December of 2012 setting the relevant deadlines. (Dk. 42).

In January of 2013, Ms. Webb's counsel moved to withdraw and stated that communications had broken down with Ms. Webb, that Ms. Webb had not fulfilled her contractual obligations, that Ms. Webb had reached a tentative agreement with the government but then refused to execute the settlement documents, and that Ms. Webb would be notified by certified mail and personal service of her own responsibility now to comply with all orders of the court and the time limitations set by the rules of procedure and the scheduling order. (Dk. 43). Counsel also had filed an affidavit showing that Ms. Webb was personally served at the identified address with the motion to withdraw, the scheduling order, and counsel's letter advising of obligations and deadlines in the litigation. (Dk. 45). The magistrate judge granted counsel's motion to withdraw on January 18, 2013. (Dk. 46).

On May 1, 2013, the government filed a motion to compel production of Ms. Webb's answers to its first set of interrogatories propounded on March 4, 2013. (Dk. 53). The magistrate judge granted the motion to compel and gave Ms. Webb until June 6, 2013, to respond. (Dk. 54). The magistrate judge converted the final pretrial conference that the scheduling order had set for June 5, 2013, to a status conference and notified Ms. Webb by certified mail of this change. (Dk. 55). Ms. Webb already had been notified of the June 5th conference hearing date through

the scheduling order that her counsel had personally served upon her. (Dk. 45).

When Ms. Webb failed to appear at the status conference on June 5, 2013, the magistrate judge issued on the same day an order for Ms. Webb to explain by June 19, 2013, why she failed to appear and why she failed to work with the government to submit a jointly prepared pretrial order. (Dk. 57). The order also reminded Ms. Webb of the order requiring her response to the government's interrogatories by June 6, 2013. *Id.* This order was served by regular mail and certified mail, and the certified mail receipt was returned as unclaimed. (Dk. 64). On June 19, 2013, Ms. Webb did file a response that simply stated: "Cause: I did not know of court date and status conf. on June 5th or interrogatories for June 6, 2013. Please accept my apologies." (Dk. 60). Also on June 19, 2013, Ms. Webb filed a motion to be released from legal fees, and the magistrate judge has denied that motion. (Dks. 61, 65). The record does not show Ms. Webb to have had any other active involvement or participation in this action after June 19, 2013. Specifically, there is nothing of record to show that Ms. Webb has ever responded to the government's first set of interrogatories or worked with the government to submit a joint pretrial order.

**ANALYSIS**

The record is sufficient from which to infer that Ms. Webb has received all of the filings pertinent to this show cause proceeding. On June

10, 2013, the plaintiff government filed its pending motion to strike and certified that the motion was personally served by a DEA special agent on Ms. Webb at the same address used by the magistrate judge for the June 5th order and by the district court on its July 10th show cause order. As of this date, Ms. Webb has not filed any response to the motion to strike. But in filing timely responses referring to the magistrate judge's June 5th order, Ms. Webb necessarily demonstrates her receipt of that order through the regular mail. The record is more than sufficient to find that Ms. Webb's address first disclosed by her counsel is accurate as confirmed through subsequent instances of personal service and her responses to regular mail. Thus, the court concludes that its show cause order was correctly sent to Ms. Webb by certified and regular mail in a manner reasonably calculated for her to receive and timely respond to it. As of the filing date of this order, she has yet to file any response offering any cause as ordered by the court. Thus, by the terms of show cause order and of D. Kan. Rule 7.4(b), the court will consider and decide the government's motion to strike as uncontested. This Rule also provides: "Ordinarily, the court will grant the motion without further notice."

Supplemental Rule G(5) requires that: "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." As stated in the government's motion, reiterated in the court's show cause order, and confirmed herein, Ms. Webb has never

5

filed an answer in compliance with that rule. Supplemental Rule G(8) authorizes the government to file a motion "to strike a claim or answer . . . for failing to comply with Rule G(5)." Thus, the government's motion to strike is properly grounded in law and fact and shall be decided as an uncontested motion.

"[C]ourts have held that it is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)."[1] *United States v. 2687 S. Deframe Circle, Lakewood Colo.*, 208 F.3d 228, 2000 WL 216938 at *3 (10th Cir. 2000) (internal quotation marks and citations omitted). Supplemental Rule G(5) establishes the requirements for the two "responsive pleadings," (a) the claim and (b) the answer:

> "The claim and the answer, though similar, serve distinct purposes." *United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480)*, No. 00–CV–3208 (FB), 2002 WL 827420, at *1 n. 3 (E.D.N.Y. May 2, 2002). A claim "insures that '[a]ny party who wishes to defend a forfeiture action [will] be forced to swear his interest in the forfeited property.'" *United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480)*, 2002 WL 827420, at *1 n. 3. An answer "serves its normal function—'to state in short and plain terms [the] defense to each claim assert … and to admit or deny the averments upon which the adverse party relies.'" *United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480)*, 2002 WL 827420, at *1 n. 3.

---

[1] "Case law pre-dating the 2006 adoption of Supplemental Rule G often refers to the procedural requirements in Supplemental Rule C(6), 'which governed claim procedure prior to Supplemental G's adoption.'" *United States v. 2007 Chrysler 300 Touring*, 2011 WL 1119701 at *3 n.1 (D.N.M. 2011) (quoting *United States v. One Men's Rolex Pearl Master Watch*, 357 Fed. Appx. 624, 626 n.2 (6th Cir. 2009)).

*United States v. 2007 Chrysler 300 Touring*, 2011 WL 1119701 at *3 (D.N.M. 2011). Failure to serve and file an answer as required by Supplemental Rule G(5)(b) is a valid ground for granting the government's uncontested motion to strike a claim. *See United States v. Approximately Twenty Mexican Gold Coins*, 637 F. Supp. 2d 957, 958 (D. Kan. 2009). Besides not asking for additional time to file her answer, Ms. Webb utterly ignores the government's motion to strike her claim for failure to file an answer and likewise files no response to the court's order to show cause. Without a pending request for additional time and without any reasonable basis, in fact or law, for finding a mitigating circumstance, the court will enforce the requirements of Supplemental Rule G(5) and the remedy authorized by Supplemental Rule G(8)(c) and thereby grant the government's uncontested motion to strike Ms. Webb's claim.

Supplemental Rule G(6)(a) states, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." A claimant is given 21 days from service of interrogatories to serve answers or objections. Supplemental Rule G(6)(b). Supplemental Rule G(8)(c)(i)(A) authorizes the government to file a motion to strike an answer for failure to comply with the special interrogatories provision in Supplemental Rule G(6). The Advisory Committee notes offer this insight:

> As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15. Not every failure to respond to subdivision (6) interrogatories warrants an order striking the claim. But the special role that subdivision (6) plays in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37.

Supplemental Rule G(8)(c)(i)(A) 2006 Adv. Comm. Notes. "It stands to reason that if a party's noncompliance with Rule G(6) would be considered sufficiently willful to warrant terminating sanctions under the more lenient Rule 37 standard, then terminating sanctions may be used to address a party's willful noncompliance with Rule G(6) as well." *United States v. $333,806.93 in Proceeds from Foreclosure of Real Property Located at 26948 Pacific Coast Highway, Malibu, CA*, 2010 WL 3733932, at *1 (C.D. Cal. 2010).

Rule 37(b)(2)(A)(iii) of the Federal Rules of Civil Procedure permit a court to strike pleadings when a party fails to comply with an order compelling discovery. Such a "sanctions order should be predicated on willfulness, bad faith, or [some] fault rather than just a simple inability to comply." *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (internal quotation marks and citation omitted). The Tenth Circuit has considered the use of this discovery sanction in civil forfeiture proceedings noting that, "it should be used as a weapon of last, rather than first, resort" and that the trial court should consider various criteria on the record prior to settling on this sanction:

8

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*United States v. $72,100.00 in U.S. Currency*, 2009 WL 247837 at *3 (10th Cir. 2009).

The court finds that Ms. Webb has willfully failed to obey the magistrate judge's order compelling discovery. To this date, she has not served her answers to the interrogatories despite that order, despite the government's subsequent motion to strike personally served upon her, and despite the latest district court's order to show cause. Her refusal to answer the interrogatories and to respond to the court's orders has delayed these proceedings and has caused the government to expend additional time, effort and expense. The court's orders have been largely ignored, and her only response to any of these matters was that she did not know when the record necessarily shows otherwise. This has delayed the resolution of this matter and wasted judicial resources. While Ms. Webb's *pro se* status may entitle her to a liberal construction of her pleadings, it does not entitle her to ignore the court's rules and the court's repeated orders. This court's show cause order warned Ms. Webb that her failure to respond would result in the court granting the government's motion to strike as uncontested without further notice. (Dks. 66 and 67). Because Ms. Webb either has failed to respond to the court's orders or has given blanket denials of knowledge that

9

are inexplicable and inconsistent with the record, the court doubts that lesser sanctions will assure her compliance and cooperation in bringing this case to a close. In short, the court finds that the balance of aggravating factors surrounding Ms. Webb's willful failure to ignore the magistrate judge's order and answer the interrogatories, to respond to the district court's show cause order and to offer any explanations for her refusal to respond supported by the record outweigh the judicial system's strong desire to have cases resolved on the merits rather than on procedural defaults. The court finds that granting the government's motion to strike is an appropriate sanction here.

IT IS THEREFORE ORDERED the government's motion to strike (Dk. 58) the claim of Tiffany Webb as a sanction for failing to comply with Magistrate Judge's Order of May 16, 2013, (Dk. 54), that had granted the plaintiff's motion to compel and had ordered Ms. Webb to respond to the plaintiff's interrogatories on or before June 6, 2013, and as a sanction for failing to file an answer pursuant to Rule G(5)(b) is granted.

Dated this 12th day of August, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge