IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No. 11-1341-SAC

$1,613,251.00, et al.,

        Defendants.

MEMORANDUM AND ORDER

Because Ms. Tiffany Webb did not respond to the government's motion to strike filed June 10, 2013, and did not respond to the court's show cause order filed July 10, 2013, which warned that the court would grant the government's motion as uncontested if Ms. Webb did not file a required response by July 30, 2013, the court filed its order on August 12, 2013, granting the government's motion to strike Tiffany Webb's claim to property in this civil in rem forfeiture action. (Dk. 69). Ms. Webb then filed a response to the show cause order and asked for 20 or 30 days to answer the government's interrogatories and to file an answer to the government's complaint. (Dk. 72). Consistent with her pattern of dilatory conduct, this single-page filing entitled, "Response to Plaintiff's Motion to Show Cause," was filed three weeks after the July 30th deadline and eight days after the court had filed its order granting the motion to strike. The court promptly entered an order the next day pointing out that Ms. Webb had missed the

relevant deadlines and had offered no substantive explanation for her dilatory conduct. (Dk. 73). "[I]n the spirit of reserving sanctions as a final resort," the court gave Ms. Webb "one last opportunity to comply" by answering the government's interrogatories and filing her answer. *Id.* at 2. Thus, the court stayed for 20 days its decision on the government's pending motion (Dk. 70), and warned that "[i]f Ms. Webb does not make both filings by September 10, 2013," then it would decide the government's motion. *Id.* at 2-3.

The deadline of September 10 passed without any filing from Ms. Webb. As the court was deciding the government's pending motion, it received from Ms. Webb on September 16, 2013, an unverified filing that asks for more time to comply. (Dks. 76). She writes that her efforts to find other counsel have been unsuccessful and that her disability and her children's health have complicated her efforts. She also has filed a motion to appoint counsel. (Dk. 76).

Ms. Webb waited until this most recent filing to offer health reasons for her delay. While the court certainly wants to be sensitive to such issues and to Ms. Webb's efforts at securing counsel, the court does not see how it can view these circumstances as genuinely changing the factors balanced in its order of August 12, 2013. (Dk. 69). After her counsel's withdrawal that was caused in part by Ms. Webb's failure to communicate with counsel and her refusal to execute settlement papers, Ms. Webb did not

seek appointment of counsel until eight months later. The record establishes that sufficient notice was given to Ms. Webb of all pending proceedings and that Ms. Webb's persistent denial of knowledge was baseless or contrived. Up to now, the court has given Ms. Webb repeated opportunities to comply even when her requests for additional time were late and offered insubstantial grounds. At no point has Ms. Webb made any attempt approaching good faith to meet an extended deadline. Based on her conduct to date, Ms. Webb's latest representations are viewed with some skepticism. Ms. Webb's pattern of dilatory behavior has delayed the resolution of this case and wasted judicial resources. In sum, the balance of aggravating factors surrounding Ms. Webb's repeated and willful failure to respond to pending matters and to comply with court orders, her baseless or contrived representations to date, the costs of delay and the waste of judicial time outweigh any genuine concerns for yet another extension and more delay. Consequently, the court denies Ms. Webb's request for additional time and for appointment of counsel.

The court hereby lifts the stay and will decide the government's motion (Dk. 70) seeking a final order of forfeiture.

IT IS THEREFORE ORDERED that Ms. Webb's motion for extension of time (Dk. 76) and motion to appoint counsel (Dk. 77) are denied;

IT IS FURTHER ORDERED that the court's stay of its decision on the government's motion (Dk. 70) seeking a final order of forfeiture is lifted.

Dated this 18th day of September, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge